UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID BATES,

                Plaintiff,                    **DECISION AND ORDER**

        -against-                      21 Civ. 3009 (NSR) (AEK)

SHERIFF LOUIS FALCO, III, and
COUNTY OF ROCKLAND,

                Defendants.
----------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Plaintiff David Bates ("Bates") brings this action against Defendants Sheriff Louis Falco, III ("Sheriff Falco") and County of Rockland (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 for violation of his First Amendment rights. ECF No. 12 ("First Amended Complaint"). This case has been referred to the undersigned for general pretrial supervision. ECF No. 18. Currently before the Court is Defendants' motion for a protective order. ECF No. 64. For the reasons that follow, the motion is DENIED, with part of the motion denied *with* prejudice and part of the motion denied *without* prejudice.

## BACKGROUND

**I.**    **The Parties' Initial Presentation of the Dispute**

The issue underlying the instant motion was first identified when the parties wrote to the Court to raise a dispute that had arisen during Bates's counsel's questioning of Sheriff Falco at his deposition. ECF No. 41 (filed under seal); *see* ECF No. 43 (public version). As counsel explained, the First Amended Complaint includes an allegation that "during a meeting between defendant Falco and certain union members, Falco 'stated that ex-union president John Cocuzza had filed 23 grievances and, that, after [Cocuzza] was fired, 22 of them settled.'" ECF No. 43 at

1 (quoting First Amended Complaint ¶ 95).  According to Bates, the "relevant implication of this allegation [in paragraph 95] is that Falco disfavored union grievances, and when he got rid of a prior union president, almost all of the grievances that president filed went away."  ECF No. 43 at 1.  Bates therefore asserted that "Falco's statement could be viewed by a reasonable jury as a threat to get rid of plaintiff because of his excessive grievance filing."  *Id.*  During Sheriff Falco's deposition, Bates's counsel sought to question Sheriff Falco about this allegation and inquired about "the circumstances of Mr. Cocuzza's separation so as to illicit [*sic*] on the record the inference made by this allegation"; Defendants' counsel objected to this line of questioning and would not allow Sheriff Falco to answer these questions.  ECF No. 41 at 1.

In their responsive letter, Defendants asserted that Bates's counsel's questions "attempted to discuss and characterize issues that are the subject of a confidential settlement agreement, in direct violation of the terms of said agreement."  ECF No. 46 at 1 (filed under seal); *see* ECF No. 47 (public version).  There is no dispute that the circumstances of Mr. Cocuzza's separation from Rockland County service were the subject of extensive litigation in lawsuits captioned *Cocuzza v. Falco*, No. 16-cv-9868 (S.D.N.Y.), and *McNichol v. Falco*, No. 16-cv-2119 (S.D.N.Y.), both of which were resolved pursuant to a confidential settlement agreement in December 2021.  *See* ECF No. 46 at 1; ECF No. 66 ("Weissman Decl.") ¶ 12 & Ex. D ("Settlement Agreement").  Defendants maintained that the Settlement Agreement prohibited "all parties and all counsel involved in the *Cocuzza* case," including Bates's counsel, who had represented Cocuzza in the earlier action, "from characterizing or discussing the subject matter and allegations of the *Cocuzza* case."  ECF No. 46 at 1.

In their submission, Defendants cited the confidentiality provision of the Settlement Agreement, which states, in pertinent part:

> [u]nless otherwise required by law, the terms and provisions of this Agreement or the documents or substance of any documents exchanged or allegations made in the Action shall not directly or indirectly be disclosed (in whole or in part) or characterized by The ROCKLAND PARTIES,[1] [or] each Plaintiff or each Plaintiff's attorneys . . . to any other person or entity . . . .

*See* Settlement Agreement § 4.A.  Defendants also cited the non-disparagement provision of the Settlement Agreement, which states, in pertinent part, that the "parties to this Agreement shall not disparage the other(s) in a public manner about the matters resolved by this Agreement, including the matters set forth in the complaints or defenses in the Action." *Id.* § 4.B.  In addition, Defendants provided the Court with a list of allegations made in the Cocuzza and McNichol actions that they assert "the parties and attorneys were prohibited from discussing or characterizing."  ECF No. 46 at 2-3.  According to Defendants, at the deposition, Bates's counsel "asked Sheriff Falco about the exact allegations made in the *Cocuzza* and *McNichol* Complaints," in contravention of the Settlement Agreement.  *Id.* at 3.

## II. The Three 2022 Court Conferences and the Parties' Further Status Updates

### A. August 31, 2022

The Court held a conference on August 31, 2022 to discuss this dispute.  Among other things, the Court raised concerns that Bates's counsel—who had been counsel for the plaintiffs in the *Cocuzza*/*McNichol* cases—could be understood to be included as among the parties bound by the confidentiality provision in the Settlement Agreement, and that this created a potential conflict of interest between counsel's obligations to their clients from the earlier cases (Cocuzza, McNichol, and others) and their obligations to Bates.  As required by the Court, Bates filed a

---

[1] The defined term "ROCKLAND PARTIES" in the Settlement Agreement includes Sheriff Falco.

further status update via letter on September 28, 2022, ECF No. 53 (filed under seal), and Defendants filed a responsive letter on October 14, 2022, ECF No. 56.

In Bates's letter, his counsel reported that the issue of a potential conflict of interest had been resolved—after speaking with the various clients, counsel was "satisfied that there is either no conflict or, to the extent there could potentially be one, it has been waived." ECF No. 53 at 2. Bates's counsel then argued that "the confidentiality provision at issue expressly contemplates that matters otherwise governed thereby could be subject to disclosures as required by law," and requested "an order from the Court expressly permitting testimony in the *Bates* matter about matters that might otherwise be subject to the confidentiality provision." *Id.*  Defendants noted in response that "the deposition questions concerning the manner of Cocuzza's termination from County employment were asked in order to characterize them at trial as supposed evidence of an alleged pattern of First Amendment retaliation by Sheriff Falco." ECF No. 56 at 1.  Defendants further explained that

> this is not a case in which discovery is being hidden from plaintiffs' counsel; they litigated the *Cocuzza/McNichol* matters . . . from March 2016 until January 2022, took Sheriff Falco's deposition in those cases and obtained answers to the very questions that they now ask Sheriff Falco to answer again, concerning the manner of Cocuzza's termination. The issue is not their ability to learn the answers to these questions in discovery – it is their intent to use those answers, and characterize the facts of Cocuzza's termination, in a manner forbidden by the settlement agreement.

*Id.* at 2.  Finally, Defendants opposed Bates's counsel's request "that the Court issue an order permitting testimony about the manner of the termination of Cocuzza's employment," because "there is no reason for the Court to go out of its way to assist plaintiff's counsel in extricating themselves from an agreement that they co-authored." *Id.*

**B.     October 20, 2022**

The Court held a conference on October 20, 2022, at which it resolved the matters raised in the letters filed at ECF Nos. 53 and 56. *See* Docket Sheet, Minute Entry dated 10/20/2022. Rather than decide the hypothetical issue of whether any potential questions asked and answers given at Sheriff Falco's deposition would violate the confidentiality and non-disparagement provisions of the Settlement Agreement, the Court instead determined that Bates's counsel could proceed to further depose Sheriff Falco and ask questions regarding Cocuzza's—or any of the other settling plaintiffs'—allegations, with that portion of the deposition transcript being marked confidential and subject to the protective order in this action. The Court stated that Defendants could then seek a ruling, at the end of discovery and before summary judgment motion practice, as to whether the actual questions asked by Bates's counsel and answers provided by Sheriff Falco, to the extent that Bates's counsel intended to use them in this action, were in violation of the confidentiality and non-disparagement provisions of the Settlement Agreement. Bates's counsel thereafter took a supplemental deposition of Sheriff Falco on November 21, 2022. *See* Weissman Decl. Ex. J.

**C.     November 23, 2022**

The parties' dispute was again discussed at a conference held on November 23, 2022. Counsel for both parties indicated that further briefing of the issues regarding the confidentiality and non-disparagement provisions of the Settlement Agreement would be helpful to clarify certain issues. Noting the unusual procedural posture of the dispute as it then stood, the Court suggested that the most appropriate approach would be for Defendants to file a motion for a protective order to preclude (1) the use of any testimony from Sheriff Falco's deposition regarding the *Cocuzza*/*McNichol* actions that is covered by the confidentiality and non-

5

disparagement provisions in the Settlement Agreement; (2) Cocuzza, McNichol, and Millien, as signatories to the Settlement Agreement, from offering testimony in this case; and (3) Bates's counsel from questioning any other potential witnesses who are not signatories to, and therefore not bound by, the Settlement Agreement, in a manner that would violate those provisions.[2] The Court set a briefing schedule for Defendants' motion, Docket Sheet, Minute Entry dated 11/23/2022, and those deadlines were later extended, ECF Nos. 63, 68. Defendants filed their motion on February 3, 2023, ECF Nos. 64-66 (filed under seal); Bates filed his opposition on March 3, 2023, ECF No. 69 (filed under seal); and Defendants filed their reply on March 24, 2023, ECF No. 70 (filed under seal).

### III. The Motion Papers

Defendants' motion presents the issues somewhat differently than was discussed during the November 23, 2022 conference. Specifically, Defendants state their understanding that "the motion was to address: (i) whether, in this action, Plaintiff's counsel is barred from characterizing the circumstances surrounding Richard McNichol, John Cocuzza and Jacquelin Millien's separations from Rockland County service; (ii) whether McNichol, Cocuzza and Millien are precluded from serving as witnesses in this case concerning the circumstances of their separations from County service; and (iii) whether any other witnesses can be called in this case with regard to the circumstances of McNichol, Cocuzza and Millien's separations from County service." ECF No. 65 ("Defs.' Mem.") at 1.

Defendants do not specifically address the first issue contemplated during the November 23, 2022 conference, namely, the extent to which Bates should be precluded from using any

---

[2] At that point, it was unclear whether any such other witnesses existed, and counsel for both sides agreed that they would confer regarding this issue.

testimony from Sheriff Falco's deposition regarding the circumstances of McNichol, Cocuzza, and Millien's separations from Rockland County service. *See* ECF No. 70 ("Reply Mem.") at 6 (noting that the issue regarding Sheriff Falco's deposition testimony "was resolved and is now moot"). Defendants do note, however, that the third issue has been resolved, because "Plaintiff's counsel has conceded that the only witnesses identified in Plaintiff's disclosures as having knowledge of the circumstances of Cocuzza, McNichol and Millien's separation from County service were Cocuzza, McNichol and Millien themselves," and "[a]s such, Plaintiff is precluded from calling any other witnesses to testify as to this issue." Defs.' Mem. at 1.

## DISCUSSION

While the Court and the parties have spent considerable time and effort attempting to find a pathway for addressing the parties' dispute regarding whether the evidentiary record in this matter—whether at summary judgment or at trial—can include any testimony from Cocuzza, McNichol, and Millien, and what limits may exist for Bates's attorneys with respect to certain evidence, the manner in which the arguments have been presented leaves the Court no choice but to allow the issue to remain unresolved. First, Defendants effectively ask the Court to issue an advisory opinion on a matter of contractual interpretation—that is, to decide whether hypothetical affidavits that might be submitted in opposition to a summary judgment motion, hypothetical trial testimony that might be compelled by subpoenas, or hypothetical arguments that might be advanced by Bates's counsel would violate provisions of the Settlement Agreement. But there is no allegation that any party actually has violated the terms of the Settlement Agreement, and even if there had been a violation of the Settlement Agreement, this Court is not the appropriate forum in which to litigate actual or anticipatory disputes about the Settlement Agreement. Second, any argument that admission of any affidavit or testimony from

7

Cocuzza, McNichol, and Millien would be more prejudicial than probative within the meaning of the Federal Rules of Evidence is premature, because Bates has not yet even attempted to introduce such evidence. These arguments instead should be presented either in connection with the anticipated summary judgment briefing or as motions *in limine* in advance of trial. Unfortunately, neither the contract-based nor the evidence-based lines of argument offered by the parties regarding the issues in dispute can be addressed by the Court at this time.

I.      **Defendants' Contract-Based Arguments Cannot be Adjudicated by this Court**

As previously noted, the Settlement Agreement that resolved the *Cocuzza*/*McNichol* actions has a confidentiality provision which states that "[u]nless otherwise required by law . . . allegations made in the Action shall not directly or indirectly be . . . characterized by . . . each Plaintiff or each Plaintiff's attorneys . . . to any other person or entity . . . ." Settlement Agreement § 4.A. The Settlement Agreement also contains a non-disparagement provision which states that the "parties to this Agreement shall not disparage the other(s) in a public manner about the matters resolved by this Agreement, including the matters set forth in the complaints or defenses in the Action." Settlement Agreement § 4.B. The non-disparagement provision further states that "'public manner' shall mean in any manner intended to or calculated to be communicated to any third party." *Id.*

With respect to the two remaining issues raised in this motion—"(i) whether, in this action, Plaintiff's counsel is barred from characterizing the circumstances surrounding Richard McNichol, John Cocuzza and Jacquelin Millien's separations from Rockland County service; [and] (ii) whether McNichol, Cocuzza and Millien are precluded from serving as witnesses in this case concerning the circumstances of their separations from County service"—Defendants' arguments focus first on principles of contract interpretation and enforceability. *See* Defs.' Mem. at 3-6, 7-8; Reply Mem. at 6-8, 9-10. Defendants maintain that the "clear and undeniable

terms of the Settlement Agreement" bar McNichol, Cocuzza, and Millien from either testifying at trial, "or even providing affidavits for motion practice," regarding the circumstances surrounding their separation from Rockland County service, with the implication being that doing so would constitute a breach of the Settlement Agreement.  Defs.' Mem. at 3-5.[3]  Similarly, Defendants assert that under the "tender back" rule, McNichol, Cocuzza, and Millien cannot violate the Settlement Agreement while at the same time retaining the benefits that they received thereunder.  *Id.* at 5-6.  Defendants likewise rely on the language of the Settlement Agreement with respect to the limitations they contend it imposes on Bates's counsel, and again invoke the "tender back" rule, asserting that because Bates's attorneys received and retained "the direct monetary payment from the County called for by" the Settlement Agreement in the *Cocuzza/McNichol* actions, they cannot fail to abide by the terms of the Settlement Agreement.  *Id.* at 7-8.

    Simply put, Defendants seek a ruling akin to a declaratory judgment with respect to the meaning and enforceability of the confidentiality and non-disparagement provisions of the Settlement Agreement as they relate to affidavits or testimony that might be given by McNichol, Cocuzza, and Millien, or arguments that might be made by Bates's counsel, in this action.  These claims cannot be adjudicated in this forum.  The Settlement Agreement—which resolved the *Cocuzza/McNichol* actions—is not the subject of this lawsuit.  This Court therefore has no jurisdiction over any dispute regarding the interpretation and enforceability of that agreement.  Indeed, even in cases in which parties have returned to the court that oversaw the action in which

---

[3] Bates's reliance on case law which holds that a confidentiality agreement cannot bar discovery, *see* ECF No. 69 ("Pl.'s Mem.") at 3-4, is misplaced.  Defendants do not seek to limit discovery—indeed, discovery in this case has been completed.  Rather, they seek to prevent the submission of affidavits in connection with summary judgment motion practice and preclude witness testimony at trial.

their claims were settled in order to enforce their settlement agreements, courts have declined to exercise jurisdiction over such disputes in the absence of an express retention of jurisdiction:

> Federal courts are courts of limited jurisdiction that possess only that power authorized by Constitution and statute. In keeping with this principle, a district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case. Instead, a motion to enforce a settlement agreement is fundamentally a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit, and therefore requires its own basis for jurisdiction.

*Hendrickson v. United States,* 791 F.3d 354, 358 (2d Cir. 2015) (cleaned up). In *Hendrickson*, the Second Circuit reaffirmed the "longstanding rule that there are only two ways in which a district court may retain ancillary jurisdiction to enforce the terms of a settlement agreement: it may expressly retain jurisdiction over enforcement of the agreement in an order of the court, or it may incorporate the terms of that agreement in such an order." *Id.* at 359-60 (cleaned up). Moreover, "[w]hen a district court lacks ancillary jurisdiction over the enforcement of a settlement agreement, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 362 (quoting *Kokkonen v. Guardian Life Insurance Co. of Am.,* 511 U.S. 375, 382 (1994)) (citation omitted).

There is therefore no basis for this Court to exercise jurisdiction over the parties' dispute. This Court did not adjudicate the *Cocuzza/McNichol* actions in which the settlement was reached, and therefore, there can be no argument that it retained ancillary jurisdiction over enforcement of the Settlement Agreement. Furthermore, there is no independent basis for this Court to exercise jurisdiction over what amounts to a state law contract dispute involving non-parties to this action. If Defendants seek a ruling on these issues, they must bring a separate action in the appropriate forum. *Cf. Brown v. 7-Eleven Incorp.*, No. 20-cv-1339 (TJM) (ML), 2020 WL 8839752, at *10-11 (N.D.N.Y. Dec. 15, 2020) (dismissing claim for breach of non-

disclosure clause of settlement agreement entered in earlier action between the same parties where the court did not retain ancillary jurisdiction over enforcement of the settlement agreement, and there was neither diversity nor federal question jurisdiction), *adopted by* 2021 WL 964207, at *2 (N.D.N.Y. Mar. 15, 2021) ("Plaintiff's state-law claims are DISMISSED without prejudice to re-pleading in an appropriate non-federal forum.").

Even if this Court did have jurisdiction to adjudicate this potential contract dispute, the fact that Defendants cannot point to any actual conduct—such as an affidavit submitted by any of the signatories to the Settlement Agreement, or an actual argument offered by counsel for Bates that allegedly violates the Settlement Agreement—would make it difficult to assess whether the actions that Defendants contemplate would be prohibited by the Settlement Agreement. Indeed, especially because Bates's counsel, Cocuzza, McNichol, and Millien are now well aware of Defendants' concerns about a potential breach of the Settlement Agreement, they may be able to tailor any future conduct in this case to avoid running afoul of the Settlement Agreement. Notably, the parties first raised this dispute as a result of questions that were posed to Sheriff Falco at his deposition, but when, after multiple conferences with the Court, questions were actually posed to Sheriff Falco regarding the issues of concern, apparently no further intervention from the Court was required after all. *See* Reply Mem. at 6. Perhaps a similar outcome will be possible here.

Accordingly, Defendants' motion for a protective order to prevent Bates's counsel from providing argument, and McNichol, Cocuzza, and/or Millien from providing affidavits or testimony, that characterizes the circumstances surrounding McNichol, Cocuzza, and Millien's separations from Rockland County service on the ground that it would violate the confidentiality

11

and non-disparagement provisions of the Settlement Agreement entered in the *Cocuzza/McNichol* actions, is DENIED with prejudice.[4]

## II.     Defendants' Evidentiary Arguments are Premature

The other focus of Defendants' arguments is that any testimony at trial by McNichol, Cocuzza, and Millien would be more prejudicial than probative and should therefore be precluded. *See* Defs.' Mem. at 9-11; Reply Mem. at 2-4. In their reply papers, Defendants specifically cite Rule 403 of the Federal Rules of Evidence, which states that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ," as barring such testimony. Reply Mem. at 3-4. Defendants further maintain that this testimony would be barred by Rule 404 of the Federal Rules of Evidence, which prohibits the use of character evidence or evidence of other wrongs or acts to prove that a person acted in accordance with that character on a particular occasion. *Id.* at 2-3; *see* Fed. R. Evid. 404(a)(1), (b)(1).

In making these arguments, Defendants rely on case law involving motions *in limine*. "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, *as to issues that are definitely set for trial*, without lengthy argument at, or interruption of, the trial.'" *Uzhca v. Wal-Mart Stores, Inc.*, No. 17-cv-3850 (NSR), 2023 WL 2529186, at *5 (S.D.N.Y. Mar. 15, 2023)

---

[4] Because the parties' contentions regarding the extent to which Bates's counsel is bound by the terms of the Settlement Agreement—including whether or not interpreting the confidentiality and non-disparagement provisions in the manner suggested by Defendants would deny Bates his choice of counsel or would violate the New York Rules of Professional Conduct by restricting Bates's counsel's right to practice law, *see* Defs.' Mem. at 11-2; Pl.'s Mem. at 11-14; Reply Mem. at 8-9—all hinge on the interpretation and enforceability of the Settlement Agreement, this Court is not the appropriate forum to resolve this issue for the reasons stated herein.

(emphasis added) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  At this juncture in the litigation—when discovery is complete, but summary judgment motion practice is anticipated prior to trial—it would be premature for the Court to rule on the admissibility of evidence at trial.

Moreover, to the extent that Defendants seek to contest on admissibility grounds Bates's potential submission of affidavits from McNichol, Cocuzza, and/or Millien in opposition to Defendants' anticipated motion for summary judgment, the appropriate time for such arguments is in connection with the summary judgment briefing.  Rule 56 of the Federal Rules of Civil Procedure provides that a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  According to the Advisory Committee Notes to the 2010 Amendments, an objection pursuant to this rule "functions much as an objection at trial, adjusted for the pretrial setting.  The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  Fed. R. Civ. P. 56(c)(2), Advisory Committee Notes to 2010 Amendments.  Thus, as part of the summary judgment process, Defendants may request that the Court refuse to consider certain affidavits or other evidence based on an application of Rule 403 and/or Rule 404 of the Federal Rules of Evidence.  *See Camera v. Freston*, No. 18-cv-1595 (SALM), 2022 WL 557569, at *7 (D. Conn. Feb. 24, 2022) (granting motion to strike "propensity character evidence" offered by plaintiff in opposition to summary judgment); *Dixon v. Metro. Dist. Comm'n*, No. 14-cv-1468 (VAB), 2017 WL 4247051, at *11 (D. Conn. Sept. 25,

2017) (finding that since evidence from other litigations would not be admissible at trial under Rule 403, "it cannot be used to defeat summary judgment in this case").[5]

Accordingly, Defendants' motion for a protective order to prevent McNichol, Cocuzza, and/or Millien from providing evidence in the form of affidavits or testimony that characterizes the circumstances surrounding their separations from Rockland County service on the ground that it is prohibited by Rule 403 and/or Rule 404 of the Federal Rules of Evidence, is DENIED without prejudice to renewal at the appropriate time.

## CONCLUSION

For the foregoing reasons, Defendants' motion (ECF No. 64) is DENIED, with part of the motion denied *with* prejudice and part of the motion denied *without* prejudice, as set forth herein.

A telephonic status conference is hereby scheduled for October 6, 2023 at 2:30 p.m. The parties are directed to use the same teleconference information that they have used for prior conferences with Magistrate Judge Krause. *See* ECF No. 50. The Court intends to confirm that discovery is complete, and to discuss whether the parties are interested in scheduling a settlement conference with the Court or being referred to the Court's Mediation Program prior to summary judgment briefing.

Dated: September 27, 2023
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[5] Of course, when a court considers the admissibility of evidence submitted in connection with a summary judgment motion pursuant to Rule 56(c)(2), the actual evidence in dispute has been submitted for evaluation. Here, by contrast, Defendants ask the Court to rule on the admissibility of evidence for summary judgment purposes before that evidence has even been offered. The Court declines to do so.